Unitrin Advantage Ins. Co. v 21st Century Pharmacy (2018 NY Slip Op 00813)





Unitrin Advantage Ins. Co. v 21st Century Pharmacy


2018 NY Slip Op 00813


Decided on February 6, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2018

Richter, J.P., Mazzarelli, Webber, Kern, Oing, JJ.


5632N 157790/15

[*1] Unitrin Advantage Insurance Company, Plaintiff-Appellant,
v
21st Century Pharmacy also known as 21st Century Pharmacy Inc., et al., Defendants-Respondents.


Rubin, Fiorella & Friedman LLP, New York (Aaron F. Fishbein of counsel), for appellant.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered July 18, 2016, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion for a default judgment against certain defendants (defaulting defendants) on its first and/or second causes of action for a declaratory judgment, unanimously modified, on the law and the facts, to grant the motion as to defendants 21st Century Pharmacy a/k/a 21st Century Pharmacy Inc.; Advanced Orthopedics and Joint Preservation P.C.; Angelic Physical Therapy P.C.; BMJ Chiropractic, P.C.; Coney Island Medical Practice a/k/a Coney Island Medical Practice Plan, P.C.; Dana Woolfson LMT; Electrophysiologic Medical Diagnostics, P.C.; Excel Surgery Center, L.L.C.; Franklin Hospital; GC Chiropractic P.C.; Hamza Physical Therapy PLLC; LLJ Therapeutic Services, P.T. P.C.; Master Cheng Acupuncture P.C.; Metropolitan Medical & Surgical P.C.; Noel Blackman Physician, P.C.; North Shore LIJ Health System a/k/a North Shore LIJ Medical PC; Ortho-Med Equip Inc.; Patchogue Open MRI, P.C. d/b/a Southwest Radiology; Quality Health Family Medical Care a/k/a Quality Health Family Medical Care P.C.; Quality Medical & Surgical Supplies, L.L.C. a/k/a Quality Medical Surgical Supplies LLC; Ralph Innovative Medical, P.C.; RM Physical Therapy, P.C.; Total Psychiatric Medical Services, P.C.; Megastar Medical, P.C.; Michele Glispy, LAC; Layne Negrin, LMT; Ruby Galope, PT; and Patrick Masson, and to declare that such defendants have no right to no-fault benefits from plaintiff with respect to a September 19, 2014 motor vehicle accident, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.
Plaintiff established its entitlement to a default judgment against the defaulting defendants (see CPLR 3215[f]) except for defendant Anio Pierriseme, for whom no affidavit of nonmilitary service appears in the record (see Avgush v De La Cruz , 30 Misc
3d 133[A], 2011 NY Slip Op 50076[U] [App Term, 2d Dept 2011]; David D. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3215:16).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 6, 2018
CLERK